An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT ALLEN GOODLOW,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61440

FILED

FEB 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of attempted sexual assault with the use of a deadly weapon and battery with the intent to commit a crime. Eighth Judicial District Court, Clark County; Doug Smith, Judge.

Appellant Robert Allen Goodlow contends that the district court erred by denying his proper person presentence motion to withdraw his guilty plea. Goodlow offers no argument and fails to specify any error on appeal; however, in his motion below, he claimed that he was factually innocent and that counsel was ineffective for coercing his plea and failing to communicate and investigate. The State concedes the district court failed to rule on the merits of Goodlow's motion, but nevertheless argues that the district court did not abuse its discretion by denying the proper person motion because it was a "fugitive document," see EDCR 3.70; EDCR 7.40(a), and counsel appointed to independently assess the merits of the motion informed the district court that he found none. The State

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04789

also claims that several Rules of Professional Conduct prevented counsel from ethically filing a motion on Goodlow's behalf. See RPC 3.1; RPC 3.3(a)(3), (b). We disagree with the State.

A defendant may file a presentence motion to withdraw a guilty plea, NRS 176.165, which the district court may grant "for any substantial, fair, and just reason," Crawford v. State, 117 Nev. 718, 721, 30 P.3d 1123, 1125 (2001). In considering whether a defendant has "advanced a substantial, fair, and just reason to withdraw a [guilty] plea, the district court must consider the totality of the circumstances to determine whether the defendant entered the plea voluntarily, knowingly, and intelligently." Id. at 722, 30 P.3d at 1125-26.

Here, Spencer M. Judd, appointed "to look at that matter," advised the district court that Goodlow asked him to file his proper person motion and he refused, stating, "I don't see . . . any legal reason that I could file that." Goodlow took issue with Judd's determination, argued that prior counsel coerced his plea despite his innocence, and insisted on having his motion filed. The district court responded, "I hired for you, on your behalf, Mr. Judd to look at everything you said . . . to determine if there was ineffective assistance and whether this motion . . . has any basis. He's looked at it and he has made a determination that he is not filing it." The district court then denied Goodlow's proper person motion and stated, "It was a good plea at the time that we took it." In effect, counsel's appointment and subsequent testimony served to assist the district court rather than Goodlow, and this is improper. See Ellis v.

United States, 356 U.S. 674, 675 (1958) (appointed counsel improperly "performed essentially the role of amici curiae" where "representation in the role of an advocate is required"); see also Anders v. California, 386 U.S. 738, 744 (1967) ("The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae."); DiMartino v. Dist. Ct., 119 Nev. 119, 121-22, 66 P.3d 945, 946-47 (2003) (an attorney may not act as an advocate and a witness in the same proceeding). The purpose of the appointment of counsel is to represent the defendant on the motion, not to provide a summary to the district court.

Before denying Goodlow's motion, the district court failed to make any further inquiry and consider the entire record, the totality of the circumstances, or the merits of the motion. Therefore, we conclude that the district court abused its discretion. See Johnson v. State, 123 Nev. 139, 144, 159 P.3d 1096, 1098 (2007) ("This court will not reverse a district court's determination concerning the validity of a plea absent a clear abuse of discretion."). Accordingly, we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for the appointment of new

counsel to assist Goodlow in the pursuit of his motion to withdraw his guilty plea and further proceedings consistent with this order.[1]

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                                  Cherry

cc:    Hon. Doug Smith, District Judge
       Spencer M. Judd
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[1]Although we filed the fast track statement submitted by Goodlow, it fails to comply with the Nevada Rules of Appellate Procedure. In his fast track statement, Goodlow refers to matters in the record without specific citation to the appendix. See NRAP 3C(e)(1)(C); NRAP 28(e)(1). Counsel for Goodlow is cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. See NRAP 3C(n); Smith v. Emery, 109 Nev. 737, 743, 856 P.2d 1386, 1390 (1993).